IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

RASHAD TERRELL JONES, #160533                                    PLAINTIFF

VERSUS                          CIVIL ACTION NO. 3:13-cv-354-HTW-LRA

CHRISTOPHER EPPS
AND MISSISSIPPI DEPARTMENT OF CORRECTIONS              DEFENDANTS

MEMORANDUM OPINION AND ORDER

This cause is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff files this complaint pursuant to Title 42 U.S.C. § 1983. In his complaint [1], the Plaintiff states that he is an inmate incarcerated in the Yazoo County Regional Correctional Facility, Yazoo City, Mississippi. The named Defendants are Christopher Epps and Mississippi Department of Corrections. The Plaintiff seeks as relief an order by this Court directing Defendant Mississippi Department of Corrections to recalculate his time sheet to reflect an earned-release supervision (ERS) date as well as a parole date. Compl. [1] at 4.

I. Background

Plaintiff pled guilty on July 14, 2010, to the charge of attempted armed robbery in the Circuit Court of Lamar County, Mississippi. Compl. [1] at 4, 6. The Order of Conviction and Sentence states that Plaintiff is to serve his sentence under Mississippi Code Annotated § 47-5-138. *Id.* Plaintiff argues that the sentencing order does not state that he is unable to receive or participate in ERS, parole, and/or other early release

type programs.  *Id*. at 4. Plaintiff claims that because of a wrongful interpretation of his sentencing order and the state statute by the Defendants, he is prevented from receiving "eligibility for ERS, parole, and/or other early release type programs."  *Id.*

## II.  Analysis

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Because the Plaintiff was granted *in forma pauperis* status by an order [7] entered on September 19, 2013, Title 28 U.S.C. § 1915(e)(2) applies to the instant case.

A civil action brought pursuant to Title 42 U.S.C. § 1983 is an appropriate legal vehicle to attack unconstitutional prison procedures or conditions of confinement. *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (citing *Cook v. Texas Dept. of Crim. Just. Planning Dept*., 37 F.3d 166, 168 (5th Cir. 1994)). On the other hand, claims that affect the eligibility for, or entitlement to, accelerated release must be pursued through a request for habeas corpus. *Id.* (citing *Pugh v. Parish of St.*

*Tammany*, 875 F.2d 436, 439 (5th Cir. 1989)).  The "bright line rule" is "[i]f 'a favorable determination would *not* automatically entitle the prisoner to accelerated release from confinement, the complaint is properly characterized as a § 1983 suit.'"  *Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997)(citing *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995).  Plaintiff's claim that the Defendants have wrongfully interpreted his sentencing order and state statute which, if proven, would result in his eligibility for early release programs is found to be "an *indirect* impact on the determination of whether [Plaintiff] eventually receives parole" or ERS.  *See id.* The Court therefore finds that Plaintiff's claim may be pursued in this § 1983 action.

In order to have a viable Title 42 U.S.C. § 1983 claim, Plaintiff must allege that he was deprived of a right secured by the Constitution or the laws of the United States and that the person depriving Plaintiff of this right acted under color of any statute of the State.  *West v. Atkins,* 487 U.S. 42, 48 (1988); *Daniel v. Ferguson*, 839 F.2d 1124, 1128 (5th Cir. 1988). Liberally construing Plaintiff's claim, the Court finds Plaintiff is arguing that the Order of Conviction and Sentence and Mississippi Code Annotated § 47-5-138 created a liberty interest in him being eligible to participate in early release programs under the Fourteenth Amendment. As discussed below, the Court

3

disagrees with the Plaintiff and finds that the Order of Conviction and Sentence entered in Plaintiff's state criminal matter and Mississippi Code Annotated § 47-5-138 do not create a liberty interest.

Plaintiff relies on the language of the Order of Conviction and Sentence to support his argument. Compl. [1] at 6. The Order of Conviction and Sentence states as follows: "[a]ny period of incarceration imposed under said sentence is to be served in the custody of the Mississippi Department of Corrections under the provisions of Mississippi Code Section 47-5-138." Compl. [1] at 4, 6. Section 47-5-138 of the Mississippi Code Annotated, as amended, governs the earned time allowance program and earned-release supervision, and provides in relevant part the following: "[a]n inmate is eligible to receive an earned time allowance of one-half (½) of the period of confinement imposed by the court *except those inmates excluded by law*." (emphasis added). When an inmate participates in an earned time program, he may receive an early release from incarceration. *See* Miss. Code Ann. § 47-5-138 (4). In order to receive earned time credits by participating in such a program, a prisoner must be eligible for parole. *See Wells v. State,* 936 So.2d 479,480 (Miss. Ct. App. 2006). Pursuant to Section 47-7-3(1)(d)(ii) of the Mississippi Code Annotated, as amended, persons convicted of the crime of attempted robbery are not eligible for parole. *See*

4

*Neal v. MDOC Records Dep't.*, 115 So.3d 894, 896 (Miss. Ct. App. June 18, 2013)(holding that a convict who can never be eligible for parole may not accrue trusty or earned time pursuant to sections 47-5-138.1(2)(d) and 47-5-139(1)(e), respectively, because "it would be 'an absurdity' [for] a prisoner who is permanently ineligible for parole [to] be allowed to accrue earned-time credits and therefore receive the benefit of a shortened sentence").

Because Plaintiff was convicted of attempted armed robbery, he falls within the category of inmates excluded by state law from receiving earned time allowance and therefore, Plaintiff does not have a constitutional right to access to early release programs or an ERS[1] date or a parole date.  With this in mind, Plaintiff's due process claim lacks an arguable basis in law and is frivolous.  *See Neitzke v. Williams*, 490 U.S. 319 (1989)(holding a case that is found to be legally frivolous is one that seeks to assert a "right" or address a "wrong" clearly not recognized by federal law).

Finally, out of an abundance of caution, in the event Plaintiff is also seeking an accelerated release, he must pursue those claims though habeas corpus.  *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005)(internal quotations omitted)(finding a

---

[1]The Earned Time Allowance Program includes ERS.  *See Peters v. State*, 935 So.2d 1064, 1065 (Miss. Ct. App. 2006).

5

"prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement"); *Hernandez v. Livingston*, No. 12-50020, 2012 WL 5195813, at *2 (5th Cir. 2012)(citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding "[a] prisoner's challenge to the fact or duration of his confinement that seeks a shorter term of confinement ... must be brought in a habeas corpus action, not a § 1983 action")).

Because Plaintiff must pursue those claims through habeas corpus, Plaintiff is required to exhaust his available state remedies prior to filing a petition for habeas relief in this court. *See Smith v. Quarterman*, 515 F.3d 392, 400 (5th Cir. 2008)(citing *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001)). In order to satisfy the exhaustion requirement, the claim must have been fairly presented to the highest state court. *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004)(citing *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999)).

Having reviewed the allegations of the complaint [1] and notwithstanding Plaintiff exhausting his Mississippi Department of Corrections administrative remedies, this Court has determined that he has failed to present his claim to the highest state courts. See Compl. [1] at 4, 5. As another available state court remedy, Plaintiff may file a request in state court concerning the eligibility of early release. *See Neal v. MDOC Records Dep't*, 115 So.3d 894 (Miss. Ct. App. June 18, 2013)

(entertaining an appeal of a state prisoner concerning the eligibility of earned-release supervision); *Ducksworth v. Mississippi*, 103 So.3d 762 (Miss. Dec 4, 2012)(considering an appeal of a motion for postconviction relief challenging the calculation of a parole eligibility date); *Brown v. State*, 54 So.3d 882 (Miss. Feb. 15, 2011)(considering an appeal relating to a claim of elgibility for parole review).

Since this Court finds that Plaintiff has not exhausted all the remedies available to him in the state courts, this Court cannot liberally construed this action as a habeas petition. Once he has exhausted his available state remedies, and if he does not receive the requested relief in state court, Plaintiff may then file a petition for habeas corpus relief pursuant to Title 28 U.S.C. § 2254 in the district court.[2]

### III.   Conclusion

As discussed above, this Court finds Plaintiff has properly filed the instant complaint pursuant to Title 42 U.S.C. Section 1983. Plaintiff's Section 1983 claim, however, is dismissed with prejudice as frivolous. *See* 28 U.S.C § 1915(e)(2)(i). To the extent, if any, Plaintiff is putting into issue the fact of his confinement, such a claim is habeas in nature and cannot be

---

[2]Once Plaintiff exhausts his available state court remedies, he may contact the Clerk, 501 E. Court Street, Suite 2.500, Jackson, Mississippi 39201, and request a set of forms used to file a petition for habeas relief.

pursued as a Section 1983 action.  Hence, any habeas claims are dismissed without prejudice.

## IV.   Three-strikes provision

Because this case filed pursuant to Title 42 U.S.C. § 1983 is dismissed in part as frivolous pursuant to Title 28 U.S.C. § 1915(e)(2)(B)(i)of the Prison Litigation Reform Act, it will be counted as a "strike."  See *Comeaux v. Cockrell*, No. 02-20444, 2003 WL 21659432, at *2 (5th Cir. July 15, 2003). If the Plaintiff receives "three strikes," he will be denied *in forma pauperis* status and will be required to pay the full filing fee to file a civil action or appeal.

A final judgment in accordance with this Memorandum Opinion and Order shall issue.

This the 30th day of September, 2013.

                              s/ HENRY T. WINGATE
                              UNITED STATES DISTRICT JUDGE